# UNITED STATES BANKRUPTCY COURT
## DISTRICT of EASTERN DISTRICT OF WASHINGTON

# Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on April 29, 2013.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Sheryl A. CASE
5400 Pear Butte Drive
Yakima, WA 98901

| Case Number: | Last four digits of Social Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN: |
|---|---|
| 13–01765–FLK13 | xxx–xx–9746 |

| **Attorney for Debtor(s)** (name and address): | **Bankruptcy Trustee** (name and address): |
|---|---|
| K Denny Colvin | Daniel H Brunner |
| Colvin Law Office | Chapter 13 Office |
| PO Box 1265 | PO Box 1513 |
| Yakima, WA 98907 | Spokane, WA 99210–1513 |
| Telephone number: 509 575–0280 | Telephone number: 509–747–8481 |

## Meeting of Creditors

Date: **May 22, 2013**  Time: **01:30 PM**
Location: **Red Lion Hotel Yakima Center, 607 E Yakima Ave, Yakima, WA 98901**
The trustee convenes and presides at the meeting of creditors – 11 USC Section 341.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **August 20, 2013**  For a governmental unit: **180 days after original filing date.**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts:** Sixty (60) days from the date set for the meeting of creditors.

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Hearing on Confirmation of Plan

The hearing on confirmation of the debtor's plan is scheduled for June 25, 2013 at 09:00 AM by telephone. Creditors who have filed an objection to confirmation of the plan are required to attend the hearing. Creditors who have not filed an objection to the confirmation of the plan are not required to attend the hearing. Only creditors who have filed an objection to the plan will be permitted to be heard at the hearing. Any creditor wishing to attend the hearing may do so by calling (509) 353–3192 at the above date and time.

Objections to confirmation of the plan must be in writing and filed no later than seven (7) days following the conclusion of the meeting of creditors or twenty–eight (28) days following mailing of the original plan, whichever is later.

You will be sent notice when the plan is confirmed.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the Bankruptcy Clerk's Office:** | **For the Court:** |
|---|---|
| 904 W Riverside Ave, Suite 304 | Clerk of the Bankruptcy Court |
| Spokane, WA 99201 | |
| Telephone number: (509) 458–5300 | |
| Hours Open: Monday – Friday 8:30 AM – 4:30 PM | Date: April 30, 2013 |

# EXPLANATIONS

FORM B9I (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors and are expected to present proof of identity and correct social security number.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. Do not include this notice with any filing you make with the court. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Requests for Copies and Master Mailing Lists | Phone No (509) 458–5300, the cost is 0.50 per page.<br>Internet address: http://www.waeb.uscourts.gov/ |
| Proof of Identity | Acceptable proof of identity is a valid state driver's license, government issued picture identification card, U.S. passport or legal resident alien card. Acceptable proof of correct social security is an original social security card, current W–2 form, or a payroll stub. Other comparable forms of official identification showing both the name and social security number are acceptable. |
| Appointment of Trustee | Pursuant to Bankruptcy Code § 1302 and FRBP 2008, the bankruptcy trustee named on the front side of this form is appointed trustee of the estate of the named debtor(s) to serve under the trustee's blanket bond. The appointment is made effective the date of this notice. Gary W. Dyer, Assistant US Trustee |

–– Refer to Other Side for Important Deadlines and Notices ––